UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ALEJANDRA REYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:06-CV-192-C |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Alejandra Reyes seeks judicial review of a decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. Because Reyes did not consent to the jurisdiction of the United States Magistrate Judge, pursuant to the order reassigning this case, the undersigned now files this report and recommendation, proposed findings of fact and conclusions of law, and proposed judgment.

This court has reviewed the administrative record and the arguments of the parties under the standard set forth under 42 U.S.C. § 405(g) and recommends that the Commissioner's decision be affirmed.

**I.   Standard of Review**

Judicial review of the Commissioner's denial of disability benefits is statutorily limited to determining whether the Commissioner's decision is supported by substantial

evidence and whether proper legal standards were used to evaluate the evidence. 42 U.S.C. § 405(g); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). The Commissioner's decision is granted great deference and will not be disturbed unless the court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

## II.     Discussion

Reyes brings one point of error. She argues the Administrative Law Judge (ALJ) failed to follow the correct standards in assessing her credibility. She argues that the Commissioner's regulations set forth a two-prong test for evaluating a claimant's symptoms of pain and that the ALJ collapsed the two-part test and did not give due consideration to all the medical evidence of record, including evidence concerning her rheumatoid arthritis and her inability to afford treatment.

The regulations direct that the Commissioner must determine whether the claimant's symptoms are consistent with the objective medical evidence and evaluate the intensity and persistence of the claimant's symptoms and determine the extent to which the symptoms limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(a), 416.929(a) (2006). The regulations specifically direct that medical evidence must show that the claimant has an impairment or combination of impairments that could reasonably be expected to produce the pain alleged. 20 C.F.R. §§ 404.1529(b) 416.929(b); *see also* 42 U.S.C. § 423(d)(5)(A). Once the ALJ determines that the claimant has such an impairment, he must evaluate the intensity

2

and persistence of the claimant's pain to determine how the claimant's pain limits his ability to work. 20 C.F.R. §§ 404.1529(c) 416.929(c).

The ALJ applied the foregoing standard. He first determined that Reyes suffered from severe impairments, including degenerative joint disease and rheumatoid arthritis, and acknowledged that her impairments could reasonably be expected to produce some of the symptoms she alleged. (Tr. 18, 20.) In his summary of the medical evidence, the ALJ noted that Reyes had received treatment for degenerative joint disease and rheumatoid arthritis in 2002, that she underwent a short course of treatment with methotrexate prescribed by a rheumatologist and stopped her treatment in January 2003, and that she thereafter complained of pain in her hands and feet that was treated with anti-inflammatory pain medication and an injection of corticosteroid medication. (Tr. 18-19, 115, 300, 306.) Reyes' contention that the ALJ did not give due consideration to evidence regarding her rheumatoid arthritis is without merit.

Reyes' contention that the ALJ erred because he failed to consider evidence regarding her inability to afford treatment is also without merit. A claimant's inability to afford or obtain treatment for a disabling condition is relevant in determining his entitlement to benefits. If a claimant cannot afford prescribed treatment and can find no way to obtain it, an otherwise remediable condition may be deemed disabling. *Lovelace v. Bowen*, 813 F. 2d 55, 59 (5th Cir. 1987). However, an inability to afford treatment is critical only in cases in which the evidence establishes the claimant suffers from a disabling impairment; the rule in *Lovelace* does not apply to cases in which no physician on record has determined the

claimant to be disabled and the record does not support the claimant's subjective symptoms. *See Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989) (rejecting the plaintiff's argument that he was disabled because of inability to afford medication and refusing to apply the rule in *Lovelace* because no physician had pronounced him disabled and his subjective symptoms were found to be "incredible").

The rule in *Lovelace* should not be applied in this case. First, no physician has indicated that Reyes is disabled, and as the ALJ noted, her primary treating physician indicated in his examination notes that he "dictated a letter regarding [Reyes'] abilities to see if she could obtain sedentary work." (Tr. 19, 21, 306.) Reyes' primary treating physician did not therefore believe she was disabled. Second, her claim of disabling pain is not supported by the evidence. As the ALJ noted, objective physical examinations do not show significant physical deformity, reduced ranges of motion, or other signs of functional impairment. (Tr. 21, 115, 119-23, 125-26, 300, 306, 308.) The absence of objective factors such as limitation in range of motion may support an ALJ's decision that a claimant's pain is not disabling. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1529(c)(2) (medical evidence of reduced joint motion, muscle spasm, sensory deficit, or motor disruption may be considered in determining the intensity and persistence of a claimant's symptoms). The ALJ also noted that Reyes indicated that her activities of daily living were limited only by her need to rest occasionally and that her activities had remained unimpaired despite her pain and despite the fact that she could not afford the prescription medication prescribed for her. *Id*. The ALJ was correct. Reyes testified that she walked

4

outside around her house, cleaned her house, and cooked meals, and although she testified that she could not use her hands because of pain, she also testified that she was capable of eating with a spoon, tying her shoelaces, buttoning her clothing, and lifting a gallon of milk with both hands. (Tr. 362-63, 366.) Inconsistencies between a claimant's testimony about his limitations and his daily activities is a relevant consideration in the evaluation of a claimant's credibility. *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990); *see also Griego v. Sullivan,* 940 F.2d 942, 945 (5th Cir. 1991).

In addition, it should be noted that Reyes' primary treating physician expressed skepticism in regard to her claims that she could not afford treatment, noting that he had advised her that she should find a way to comply with treatment recommendations and that he told her that "most people can find a way to see to their medical care [and] obtain the [treatment and medications] that they need. Her excuse about not being able to afford it is not a real good one." (Tr. 300.)

The ALJ is not required to credit subjective complaints that are not substantiated by medical findings or that conflict with medical evidence. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). The responsibility for determining whether pain is disabling lies with the ALJ and his decision in this regard is entitled to considerable judicial deference; the reviewing court is charged with determining whether there is substantial evidence in the record as a whole to support the ALJ's determination. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The ALJ in this case adequately stated his reasons for rejecting Reyes' allegations of disabling pain and his reasoning, coupled with the evidence in the

5

record, provides substantial evidence to support his determination.

## III.   Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court find that the Commissioner's decision is supported by substantial evidence, affirm the Commissioner's decision, and dismiss Reyes' appeal with prejudice.

## IV.   Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court.  A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:  March 27, 2007.

NANCY M. KOENIG
United States Magistrate Judge